# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIMA WANE, | Case No. 1:18-cv-00231-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR |
| v. | FAILURE TO STATE A CLAIM |
| CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES HEALTH CARE CORRESPONDENCE AND APPEALS BRANCH, et al., | (ECF No. 11) |
| | **FOURTEEN-DAY DEADLINE** |
| Defendants. | |

Plaintiff Ibrahima Wane ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On June 18, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 10.) Plaintiff's first amended complaint, filed on July 2, 2018, is currently before the Court for screening. (ECF No. 11.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants:  (1) California Correctional Health Care Services Health Care Correspondence and Appeals Branch; and (2) Chief S. Gates.

Plaintiff alleges as follows:

> Plaintiff thanks the Court for allowing plaintiff to amend this Civil Complaint, due to Plaintiff Ibrahima Wane gave the Court the following fact that the meds by the defendants made plaintiff's chest shrink; when in fact the meds made plaintiff's chest or breast enlarge. And, during that time, the defendants didn't give plaintiff any medical treatment for it to correct the problem. Plaintiff still is in the same condition; thus a denial of medical treatment.

(ECF No. 11 at pp. 3-4.)  Plaintiff seeks injunctive relief and monetary damages.

## III.    Discussion

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's amended complaint fails to comply with Rule 8. Although the amended complaint is short, it is not a plain statement of his claims. Indeed, it fails to include sufficient factual allegations indicating what happened, when it happened and who was involved. For the reasons discussed below, the Court does not find that leave to amend can cure the deficiencies in his complaint in order to state a cognizable claim for relief.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link Defendant Gates to a deprivation of his rights, and instead generally refers to "defendants" in his allegations. Plaintiff has been unable to cure this deficiency. Further, to the extent Plaintiff seeks to hold Defendant Gates liable based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v.

3

Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

As indicated above, Plaintiff does not link Defendant Gates to any constitutional violation. Indeed, Plaintiff fails to name Defendant Gates in the factual allegations and does not allege that Defendant Gates participated in or directed the alleged violations or implemented a deficient policy.

## C. California Correctional Health Care Services Health Care Correspondence and Appeals Branch

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Suits for injunctive relief are also generally barred. See Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002). Accordingly, Plaintiff cannot bring suit against the California Correctional Health Care Services Correspondence and Appeals Branch. Plaintiff has been unable to cure this deficiency.

## D. Eighth Amendment – Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-

4

part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681

F.3d at 988 (citing <u>Jackson</u>, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's complaint fails to state a cognizable claim for inadequate health care in violation of his Eighth Amendment rights.  The exhibits attached to Plaintiff's complaint demonstrate that Plaintiff complained of swollen and painful breasts on June 9, 2017, with discharge.  (ECF No. 11 at p. 9.)  Plaintiff was then evaluated on June 13, 2017, but had no discharge and was scheduled to see his primary doctor on July 10, 2017.  (<u>Id.</u> at 11.)  Plaintiff's primary care provider noted breast tissue enlargement on August 2, 2017, and referred Plaintiff back to mental health to consider a medication update.  (<u>Id.</u> at p. 8.)  Plaintiff also was evaluated on September 25, October13, and October 20, 2017, for complaints of breast tenderness.  He was given home care instructions and referred to his primary care provider.  On December 16, 2017, Plaintiff's care provider noted that the tenderness in Plaintiff's breast had been resolved and that the mental health medication that was suspected of causing the breast tenderness had been discontinued.  (<u>Id.</u> at p. 6.)  Based on the exhibits attached to the amended complaint, there is no indication that any defendant disregarded any breast enlargement.  Rather, the exhibits indicate that Plaintiff's reports of breast tenderness and enlargement were addressed and subsequently resolved by a change of mental health medication.

### E.  Fourteenth Amendment – Equal Protection

Plaintiff asserts that his Fourteenth Amendment rights under the Equal Protection Clause were violated.  As with his original complaint, the nature of this claim is unclear.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985); <u>Hartmann v. California Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1123 (9th Cir. 2013); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1030 (9th Cir. 2013); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. <u>Hartmann</u>, 707 F.3d at 1123; <u>Furnace</u>, 705 F.3d at 1030; <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003).

Where no suspect class or fundamental right is implicated, a plaintiff's equal protection claims are subject to a rational basis review. See <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562,

1    564 (2000); <u>United States v. Juvenile Male</u>, 670 F.3d 999, 1009 (9th Cir. 2012); <u>Nelson v. City of</u>

2    <u>Irvine</u>, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental

3    personal rights or implicates a suspect classification, to meet constitutional challenge the law in

4    question needs only some rational relation to a legitimate state interest."). In the prison context,

5    the right to equal protection is viewed through a standard of reasonableness; that is, whether the

6    actions of prison officials are "reasonably related to legitimate penological interests." <u>Walker v.</u>

7    <u>Gomez</u>, 370 F.3d 969, 974 (9th Cir. 2004) (citing <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)).

8         Here, Plaintiff has failed to establish that he is a member of a protected class or that he was

9    otherwise discriminated against. Plaintiff's conclusory assertion that his Equal Protection rights

10   were violated is not sufficient to state a cognizable claim. Plaintiff has been unable to cure this

11   deficiency.

12                          **F.  Appeals/Grievance Process**

13        Although not entirely clear, Plaintiff appears to be complaining about the responses to his

14   appeals. However, Plaintiff cannot pursue any claims against prison staff based solely on the

15   processing and review of inmate appeals.

16        The existence of an inmate appeals process does not create a protected liberty interest upon

17   which Plaintiff may base a claim that he was denied a particular result or that the appeals process

18   was deficient. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a

19   "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted),

20   cert. denied, 541 U.S. 1063 (2004); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).

21        **IV.    Conclusion and Order**

22        Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided with

23   the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his

24   complaint and thus further leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130

25   (9th Cir. 2000).

26        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

27   Plaintiff's failure to state a claim upon which relief may be granted.

28        These Findings and Recommendation will be submitted to the United States District Judge

                                        7

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 17, 2018**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE